### DRAKE v. NEW YORK IRON MINE et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

ACTION ON NOTES—PLEADING—DEFENSES.

    In a suit on notes given by W. in the name of a corporation, without authority from the corporation, both W. and the corporation were made defendants. W. was a large stockholder in the corporation; and the complaint averred that he assigned certain dividends therein, by charging the notes against himself, and by entry on the books authorized the corporation to apply such dividends to the payment of the notes. Defendants' answer averred that plaintiff's notes were part of a large number of notes, of a general character, negotiated about the same time, and that the entries relating thereto were of the same purport, and any rights acquired thereby accrued for the benefit of all the holders, without any preference in favor of plaintiff. *Held*, that a demurrer to the answer was properly overruled.

Action by John R. Drake against the New York Iron Mine, William L. Wetmore, and Mathew H. Maynard, as assignee in bankruptcy of said Wetmore. From an interlocutory judgment overruling plaintiff's demurrer to the fourth defense in the several answers of Wetmore and Maynard, plaintiff appeals. Affirmed.

The fourth defense referred to is as follows, being the same in both the several answers: "First. At or about the same time that this defendant made the promissory notes in the name of the New York Iron Mine, as set forth in the complaint, he made various other notes and drafts or bills of exchange in the name of the said New York Iron Mine, which were all of the same general character as those mentioned in the complaint herein, and concerning which this action is brought, which notes were discounted by various other persons, firms, or corporations, or which passed into the hands of other persons, firms, or corporations, for value and before maturity, in the same manner and under circumstances such as attended the negotiation of the notes mentioned in the complaint, which notes and drafts or bills of exchange, together with the notes mentioned in the complaint herein, amounted, in the aggregate, to a large sum, to wit, $46,200. Second. On information and belief, the defendant further alleges that the said notes above mentioned, including the notes mentioned in the complaint herein, were all made and negotiated under similar circumstances, and within a very short time of each other, and became due within a very short time after each other; and the defendant further alleges, upon information and belief, that the entries on the book of the said defendant the New York Iron Mine, concerning the said notes and drafts, were all of the same purport and effect, and that any liens, rights, preferences, priorities, or privileges, of any nature or kind whatsoever, if any were acquired at all by any of said notes, by reason of any entries upon the books of the New York Iron Mine, or otherwise, were acquired equally and at the same time, and by the same acts or entries, by all the other notes, or by the holders thereof, without any preferences whatever in favor of any of said notes, or of the holders thereof, against the others. Third. On information and belief, the defendant further alleges that all of the notes above mentioned are still outstanding, and the holders thereof have equal rights with this plaintiff, if any such rights exist, to a pro rata share in the stock of this defendant in the said defendant New York Iron Mine, and in dividends declared thereon; and the defendant further alleges that a complete determination and adjustment of the rights of all persons, firms, or corporations interested in, or who may have rights with respect to, this stock or the dividends thereon, as alleged in the complaint, cannot be had in this action, for the reason that they have not been made parties thereto. Fourth. The defendant further alleges that, by reason of the matters hereinbefore in this fourth defense set forth, there is a defect of parties defendant in this action."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Roger M. Sherman, for appellant.
Barlow & Wetmore, for respondents.

BARNARD, P. J. The fourth defense in the several answers of Wetmore and Maynard, assignees, is a proper defense, as far as it goes, and should be left in the answers. The plaintiff is the owner of the notes given in the name of the New York Iron Mine by Wetmore without authority from the corporation to give them. Wetmore was a large owner of stock in the company. The complaint states that Wetmore assigned certain dividends on the stock by charging the plaintiff's notes against himself, and by entry on the books authorized the corporation to apply such dividends to the payment of the plaintiff's notes. The fourth defense avers that the plaintiff's notes were part of a large amount of notes, all of one general character, and were negotiated at about the same time; and this defense further avers that the entries on the books concerning the whole of these notes were of the same purport and effect, and that any right acquired by the entries was acquired by all the other holders of the other notes, without any preference whatever in favor of the plaintiff, as against the other holders. It is true that this fourth defense states that there is a defect of parties, but the substance of the answer must remain, whatever the order may be on the trial. If the plaintiff has

not a prior lien on the dividend found, but others share with him, there is no difficulty in giving the plaintiff judgment for his share. As the pleadings stand, the plaintiff avers a prior lien, and the defendant avers that others must share equally with him. The plaintiff need not bring in parties because a defendant avers that parties are necessary. The demurrer to the fourth defense was properly overruled, but no new parties are needed; and this order is affirmed, with the modification that the fourth defense stand as it is. No costs to either party on this appeal. All concur.